# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **DAMON EUGENE ODEN,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  1:17-cv-0837-MHH-HNJ** |
| | } | |
| **KELLEY JOHNSON, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

*Pro se* plaintiff Damon Eugene Oden brings this action pursuant to 42 U.S.C. § 1983.  He alleges that defendants Talladega County District Court Judge Jeb Fannin; City of Sylacauga Police Chief Kelley Johnson; City of Sylacauga Police Captain Rondell Muse; Talladega County Drug Task Force Officer Stephen Ledbetter; and City of Sylacauga Police Lieutenant Willis Whatley violated his rights under the Constitution or laws of the United States.  (Doc. 15).  Pursuant to 28 U.S.C. § 1915(b), the magistrate judge assigned to this case granted Mr. Oden's request to proceed without prepayment of the filing fee.  (Docs. 2, 3).

Consistent with 28 U.S.C. § 636(b)(1), 28 U.S.C. § 1915A, and this Court's customary practices, the magistrate judge reviewed Mr. Oden's second amended complaint, the operative complaint in this action.  (Doc. 18, p. 1).  On October 5, 2018, the magistrate judge recommended that the Court dismiss without prejudice

Mr. Oden's federal claims for failure to state a claim. (Doc. 18, p. 15). The magistrate judge also recommended that the Court dismiss without prejudice Mr. Oden's state law claims pursuant to 28 U.S.C. § 1367(c). (Doc. 18, p. 16). The magistrate judge advised Mr. Oden of his right to file written objections within 14 days. (Doc. 18, pp. 16-17). To date, Mr. Oden has not objected to the magistrate judge's report and recommendation.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Based on its review of the record in this case, the Court agrees with the magistrate judge's recommendation to dismiss Mr. Oden's federal claims for failure to state a claim, and, pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Mr. Oden's state law claims against the defendants.[1] The Court directs Mr. Oden's attention to 28 U.S.C. § 1367(d) ("The

---

[1] The Court accepts and adopts the magistrate judge's analysis with respect to Mr. Oden's inadequate pleading of his federal claims. The Court does not adopt the discussion regarding collateral estoppel. The Court dismisses Mr. Oden's false arrest claim because, as the magistrate judge explained, Mr. Oden "simply alleged the ultimate conclusion that he was falsely arrested, without submitting specific factual assertions to support that conclusion. He provides no specific

period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

The Court will issue a separate dismissal order consistent with this memorandum opinion.

**DONE** and **ORDERED** this November 30, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

factual support to show that, under the totality of the circumstances that existed at the time, the defendants lacked probable cause to make the arrest." (Doc. 18, p. 6).